505 A.2d 577

**Henry Bradford SIMMONS aka Abduell Qadir Nazzag**

v.

**STATE of Maryland.**

**No. 743, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

March 7, 1986.

Julia Doyle Bernhardt, Asst. Public Defender (Alan H. Murrell, Public Defender on brief), Baltimore, for appellant.

Valerie V. Cloutier, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and Mark P. Cohen, Asst. State's Atty. for Baltimore City on brief), Baltimore, for appellee.

Submitted before GILBERT, C.J., and ROSALYN B. BELL, and KARWACKI, JJ.

ROSALYN B. BELL, Judge.

Henry Bradford Simmons, a/k/a Abduell Qadir Nazzag, was convicted by a jury in the Circuit Court for Baltimore City of second degree murder. Simmons admitted to the fatal stabbing of his stepfather during an alleged argument, but asserted that he had acted in self-defense—either perfect or imperfect. On appeal Simmons asserts the court erred only in connection with his claim of imperfect self-defense. He contends that the psychiatric testimony relative to his mental state when he murdered the victim should not have been excluded.[1]

At trial, the State sought to preclude the testimony of Dr. McDaniel. The defense proffered that her testimony would suggest that appellant may have held the subjective belief that he was in danger when he stabbed the victim:

"[The psychiatrist] would say that [Simmons's] mental condition and emotional condition is such that it is entirely possible that this was an honestly held subjective belief. I am not saying that he did. I am saying that all the circumstances surrounding it that she knows professionally, and she has examined him, that having such a subjective belief would not be inconsistent with his psychiatric make-up as distinguished from that of a person who does not have the bizarre psychiatric background of Mr. Simmons."

---

1. The State argues that appellant did not preserve this issue for our review. We do not agree. Appellant proffered the testimony both in a motion *in limine* and after the jury was sworn. The court ruled and appellant excepted. Thus, this case is clearly distinguishable from cases cited by the State in support of its argument. *Compare Funkhouser v. State,* 51 Md.App. 16, 440 A.2d 1114, *cert. denied,* 293 Md. 331 (1982) (no proffer of evidence at pretrial hearing or during trial), *and Lapelosa v. Cruze,* 44 Md.App. 202, 407 A.2d 786 (1979), *cert. denied,* 287 Md. 754 (1980) (after pre-trial ruling by court, no objection to evidence at trial), *with Standifur v. State,* 64 Md.App. 570, 497 A.2d 1164 (1985) (proffer, evidentiary hearing, ruling and objection at bench sufficient to preserve issue for review when testimony was offered later before the jury).

The court excluded the testimony concluding that although such evidence would be admissible for an insanity defense, it was not proper in a case of imperfect self-defense. We agree.

The defense of imperfect self-defense was first recognized in this State in *Shuck v. State,* 29 Md.App. 33, 349 A.2d 378 (1975), *cert. denied,* 278 Md. 733 (1976) and explained with greater detail in *Faulkner v. State,* 54 Md.App. 113, 115, 458 A.2d 81 (1983), *aff'd., State v. Faulkner,* 301 Md. 482, 483 A.2d 759 (1984).

■■■ Perfect self-defense requires that the defendant subjectively believed that his action was necessary for his safety and that objectively a reasonable man would have so believed. Unlike a perfect self-defense, imperfect self-defense "requires no more than a subjective honest belief on the part of the killer that his actions were necessary for his safety, even though, on an objective appraisal by a reasonable man, they would not be found to be so." *Faulkner v. State, supra* at 115, 458 A.2d 81. Thus, at least, where the defendant is not the aggressor and "evidence is presented showing the defendant's subjective belief that the use of force was necessary to prevent imminent death or serious bodily harm, the defendant is entitled to a proper instruction on imperfect self-defense." *State v. Faulkner, supra* [301 Md.] at 500, 483 A.2d 759. *See also Cunningham v. State,* 58 Md.App. 249, 473 A.2d 40, *cert. denied,* 300 Md. 316, 477 A.2d 1195 (1984).

■■■ In the instant case, appellant was permitted to introduce evidence that a subjective belief as to his danger existed. He was, however, prohibited from establishing by psychiatric testimony that he was capable of entertaining such an "honestly held subjective belief" because of his "bizarre psychiatric background." There is a distinction between evidence showing a belief existed and evidence showing one is capable of forming such a belief. The evidence appellant sought to introduce went to his capacity

or diminished capacity to act in an objectively reasonable manner. This evidence is not admissible in Maryland.

The Court of Appeals has specifically held that the defense of diminished capacity is not recognized in this State. *Johnson v. State,* 292 Md. 405, 418, 439 A.2d 542 (1982).[2] Under that defense, a defendant would be allowed to present "any evidence relevant to the existence of [specific] intent, including evidence of an abnormal mental condition not constituting legal insanity ... for the purpose of [negating] that intent." *Id.* at 419, 439 A.2d 542, quoting Annot. 22 A.L.R.3d 1228, 1238 (1969).

*Johnson, supra,* however, prohibits the use of psychiatric testimony to negate *mens rea* except in cases where the insanity defense is pled. We will adopt the *Johnson* policy considerations and extend the reasoning of that case to hold that psychiatric or psychological testimony is not admissible to mitigate *mens rea* when offered to support the defense of imperfect self-defense.

In *Johnson, supra* the Court explained why psychiatric testimony is inadmissible in cases other than those involving the insanity defense:

"[I]ntroduction of expert psychiatric testimony concerning the defendant's mental aberrations when the basic sanity of the accused is not at issue conflicts with the governing principle of the criminal law that all legally sane individuals are equally capable of forming and possessing the same types and degrees of intent. [citations omitted] Consequently, an individual determined to be 'sane' within the traditional constructs of the criminal law is held accountable for his action, regardless of his particular disabilities, weaknesses, poverty, religious beliefs,

---

**2.** In *Johnson,* the judgment of conviction and sentences were affirmed, except as to the imposition of the death sentence. The death sentence was vacated and remanded to the circuit court for a new sentencing proceeding.

social deprivation or educational background. [citation omitted] The most that is proper to do with such information is to weigh it during sentencing." (citation omitted).

*Id.* at 420, 439 A.2d 542.

The Court of Appeals articulated the view that the criminal law is "an instrument of social control [which] cannot allow a legally sane defendant's lesser disabilities to be part of the guilt determining calculus." *Id.* at 421, 439 A.2d 542. This view did not change with the recognition of imperfect self-defense or the *Faulkner, supra* decision. Based on the considerations expressed in *Johnson, supra,* we hold psychiatric testimony or evidence is inadmissible to mitigate *mens rea* in a case of imperfect self-defense where the defendant's sanity is not at issue.

Appellant urges, nonetheless, that the testimony of the psychiatrist was relevant to the issue of imperfect self-defense and would have aided the jury on that point. To support his contention, appellant relies on *State v. Faulkner, supra, Waine v. State,* 37 Md.App. 222, 377 A.2d 509 (1977), and numerous cases from foreign jurisdictions. This reliance must fall in the face of the principles set forth in *Johnson, supra.*

We hasten to add that appellant raised the issue of imperfect self-defense through his own testimony and that of a neighbor, and was permitted a jury instruction on that issue. Furthermore, evidence of a defendant's mental abnormality which does not establish insanity can be considered at sentencing. *Johnson, supra* [292 Md.] at 428–29, 439 A.2d 542. In the instant case, the expert witness excluded at trial was presented by appellant and permitted to testify at his sentencing. The court did not err in excluding the testimony at trial.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**